NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JUSTIN MILES ALLEE, *Petitioner.*

No. 1 CA-CR 24-0379 PRPC

FILED 04-22-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2015-102339-001
The Honorable Michael C. Blair, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Justin Miles Allee, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Chief Judge David B. Gass, Presiding Judge Brian Y. Furuya, and Vice Chief Judge Randall M. Howe delivered the decision of the court.

---

**PER CURIAM**:

**¶1**　　　　Petitioner Justin Miles Allee seeks review of the superior court's order denying his petition for post-conviction relief brought under Rule 32, Arizona Rules of Criminal Procedure. This petition is Allee's second request for post-conviction relief. The court grants review but denies relief.

**¶2**　　　　In 2019, a jury convicted Allee of intentional child abuse, and the superior court sentenced him to 22 years in prison. The court affirmed his conviction and sentence on direct appeal. *State v. Allee*, 1 CA-CR 19-0223, 2020 WL 2565007 (Ariz. App. May 21, 2021) (mem. decision). Allee next petitioned the superior court for post-conviction relief, alleging ineffective assistance of counsel. The superior court denied that petition in May 2022, and the court denied his subsequent petition for review in January 2023. *See State v. Allee*, 1 CA-CR 22-0376 PRPC, 2023 WL 1304617 (Ariz. App. Jan. 31, 2023) (mem. decision).

**¶3**　　　　In January 2024, Allee, without counsel, filed this petition, his second one, under Rule 32.1(a), (e), and (h), alleging the judge who oversaw his trial was biased and unfair. Allee acknowledged his "[c]laims [] may be untimely. However, it [was] not [his] fault [because] . . . [t]he evidence was made aware to [him] after the submittal of [his] first PCR petition and wasn't fully collected until recently, as more evidence came in." His petition indeed contained several exhibits, including an article, dated March 15, 2022, announcing Allee's trial judge had been placed on leave from her current position for improper conduct as a superior court judge. And an order from the Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona, dated October 20, 2022, admonishing the judge for violating several ethical rules as a superior court judge.

**¶4**　　　　The superior court dismissed the petition, finding the claims were precluded and untimely. Allee moved for reconsideration, and the superior court denied his motion.

**¶5**     The court has jurisdiction over Allee's successive petition for review under Article VI, Section 9, of the Arizona Constitution, A.R.S. § 13-4239, and Rule 32.16.

**¶6**     The court reviews a superior court's ruling on a petition for post-conviction relief for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012); *State v. Kolmann*, 239 Ariz. 157, 160 ¶ 8 (2016). To establish an abuse of discretion, Allee must show the superior court erred or "fail[ed] to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407 ¶ 6 (2021).

**¶7**     The court has reviewed the record, the superior court's order denying the petition for post-conviction relief, and the petition for review. Allee has not established an abuse of discretion.

**¶8**     Because Allee did not raise his Rule 32.1(a) claim on direct appeal or in his first petition for post-conviction relief, his claim is precluded unless he "adequately explains why the failure to [raise it] timely . . . was not [his] fault." *See* Ariz. R. Crim. P. 32.2(a)(3) (precluding claims not raised on direct appeal or in the first petition), 32.4(b)(3)(D) (excusing untimely notice if adequately explained). In his petition, Allee explained the delay occurred because the evidence was not "fully collected until recently." But the most recent evidence attached to Allee's petition was published more than 15 months before he filed the petition. The superior court thus did not abuse its discretion when it found "Allee fail[ed] to adequately explain [why] the delay in filing his petition" was not his fault. *See* Ariz. R. Crim. P. 32.4(b)(3)(D).

**¶9**     That said, Allee's Rule 32.1(e) and (h) claims are exempt from the timeliness requirements. *See* Ariz. R. Crim. P. 32.2(b). Still, Allee had to bring those claims "within a reasonable time after discovering the[ir] bas[e]s" and "provide sufficient reasons" for the delay. *See id.* (requiring sufficient reasons for delay), 32.4(b)(3)(B) (requiring notice within reasonable time). Again, he filed the petition more than 15 months after all the evidence was published. And his only explanation for the delay was he simply had not "collected" the evidence. The superior court thus acted within its discretion when it found Allee's Rule 32.1(e) and (h) claims were untimely.

¶10 Allee thus failed to establish the superior court abused its discretion. The court grants review but denies relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR